**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **DONNIE NATHAN TINKER,** | § | |
|     **Petitioner,** | § | |
| | § | |
| **V.** | § | **A-06-CA-945-LY** |
| | § | |
| **NATHANIEL QUARTERMAN,** | § | |
| **Director, Texas Dept. of Criminal Justice-** | § | |
| **Correctional Institutions** | § | |
| **Division,** | § | |
|     **Respondent.** | § | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

To:    The Honorable Lee Yeakel, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1) and Respondent's Answer (Document 14).  Petitioner, proceeding pro se, has paid the appropriate filing fee.  For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed.

## I. STATEMENT OF THE CASE

A.    **Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 21st Judicial District Court of Burleson County, Texas, in cause number 12,548, styled <u>The State of Texas v. Donnie Nathan Tinker</u>.  Petitioner was charged by

indictment with committing the felony offense of aggravated sexual assault, enhanced by two prior convictions for burglary of a vehicle and burglary of a building with intent to commit theft. Petitioner pleaded not guilty to the offense and not true to the enhancements, but on March 21, 2003, a jury found him guilty and assessed punishment at 60 years in prison. Petitioner's conviction was affirmed by the Fourteenth Court of Appeals on October 26, 2004. Tinker v. State, No. 14-03-00809-CR (Tex. App. – Houston, 2004). Although Petitioner did not file a petition for discretionary review, he did receive an extension of time to file a petition for discretionary review. His deadline was January 28, 2005. Petitioner also challenged his conviction in a state application for habeas corpus relief. His first state application was filed on December 1, 2005. Ex parte Tinker, Appl. No. 63,928-01. The Texas Court of Criminal Appeals denied the application without written order on May 31, 2006. Petitioner filed a second state application for habeas corpus relief on March 10, 2006, which was also denied without written order on May 31, 2006. Ex parte Tinker, Appl. No. 63,928-02.

**B.     Petitioner's Grounds for Relief**

Petitioner argues his rights were violated as a result of jury misconduct and the court's failure to enforce Article 35.22 of the Texas Code of Criminal Procedure.

**C.     Exhaustion of State Court Remedies**

Respondent does not contest that Petitioner has exhausted his state court remedies regarding the claims brought in this application. A review of the state court records submitted by Respondent shows that Petitioner has properly raised these claims in previous state court proceedings.

## II.  DISCUSSION AND ANALYSIS

**A.      The Antiterrorism and Effective Death Penalty Act of 1996**

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA"].[1]  The AEDPA amended 28 U.S.C. § 2244 to provide a statute of limitations for applications for habeas corpus relief filed pursuant to 28 U.S.C. § 2254.  That section provides, in relevant part:

(d)(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

    (A)      the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)       the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)      The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

---

[1] Pub.L. No. 104-132, 110 Stat. 1214 (1996).

**B.**      **Application**

Petitioner's conviction became final, at the latest, on January 28, 2005, at the conclusion of time during which he could have filed a petition for discretionary review with the Texas Court of Criminal Appeals. Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003) ("The one-year limitations period began to run . . . when the 30-day period for filing a petition for discretionary review in state court ended."). Petitioner's state applications for habeas corpus relief tolled the limitations period from December 1, 2005, until May 31, 2006. At the time the Texas Court of Criminal Appeals denied Petitioner's state applications only 58 days remained of the limitations period. Therefore, Petitioner had until July 28, 2006, to timely file his federal application for habeas corpus relief.

Petitioner's federal application was not file-marked until November 3, 2006. Petitioner did not date his federal application and did not inform the Court whether he used the prison system for mailing his application. For purposes of this Report and Recommendation the Court considers Petitioner's federal application filed as of November 3, 2006, more than three months after the limitations period had expired.

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

## III.  RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be dismissed as time-barred.

## IV.  OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See 28 U.S.C. § 636(b)(1)(C);  Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 30th day of April, 2007.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE